UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAWRENCE EVANS,

        Petitioner,

v.	Case Number 10-14787-BC
	Honorable Thomas L. Ludington

TOM BIRKETT,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING THE HABEAS PETITION, DENYING PETITIONER'S MOTIONS FOR SUMMARY JUDGMENT, FOR APPOINTMENT OF COUNSEL, AND TO PROCEED IN FORMA PAUPERIS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

      Petitioner Lawrence Evans, presently confined at Central Michigan Correctional Facility in St. Louis, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Michigan's 7th District Court of using indecent language in the presence of a woman or child, *see* Mich. Comp. Laws § 750.337, and sentenced to two days in jail plus $60.00 in costs. He alleges that § 750.337 is unconstitutional. Respondent argues in a motion for summary judgment that Petitioner is not in state custody and has not complied with the applicable statute of limitations. Also pending before the Court are Petitioner's motions for summary judgment, for appointment of counsel, and to proceed *in forma pauperis*. Respondent is correct that Petitioner is not in custody for the conviction under attack and that his habeas petition is time-barred. Accordingly, the habeas petition must be dismissed and Petitioner's motions must be denied.

I.

In 1998, Petitioner pleaded guilty in Michigan's 7th District Court to the misdemeanor crime of using indecent language in the presence of a woman or child. *See* Mich. Comp. Laws § 750.337. On October 27, 1998, the trial judge sentenced Petitioner to two days in jail and $60.00 in fines. Petitioner served his sentence for using indecent language, but he was subsequently charged with murdering his wife. On November 2, 2000, he pleaded no contest to second-degree murder, and on November 27, 2000, a Van Buren County circuit judge sentenced Petitioner to imprisonment for fifteen to thirty years. Petitioner currently is serving his sentence for second-degree murder.

Petitioner alleges that he sought relief from his misdemeanor conviction, using the State's habeas corpus procedures. Petitioner has attached exhibits to his habeas petition that reflects he began this process in 2008. He claimed to be innocent, and he challenged his conviction on the basis of *People v. Boomer*, 655 N.W.2d 255 (Mich. Ct. App. 2002), in which the Michigan Court of Appeals concluded that the statute making the use of indecent language a misdemeanor was unconstitutionally vague.

The state district court treated Petitioner's habeas corpus petition as a motion for relief from judgment. On December 4, 2008, the court rejected Petitioner's proclamation of innocence, noting that it was made ten years after his conviction and lacked merit. *See People v. Evans*, No. 9809SM62 (7th Dist. Ct. Dec. 4, 2008). On January 29, 2009, the court entered another order stating that, upon closer examination of Michigan Court Rule 6.501, the court could not grant Petitioner's motion because he was not convicted or sentenced in a circuit court or in the Recorder's Court for the City of Detroit. *See People v. Evans*, No. 9809SM62 (Jan. 29, 2009). Petitioner alleges that he subsequently filed a petition for writ of habeas corpus in the Michigan Court of Appeals, which

-2-

rejected his pleading as defective on December 11, 2009, and that the Michigan Supreme Court dismissed his habeas petition as untimely on May 14, 2010.

Petitioner filed his federal habeas corpus petition in this Court on December 2, 2010. He alleges that the state court's refusal to set aside his conviction violates the Ex Post Facto Clause, his right to due process of law, and his First Amendment right to free speech. As noted, Respondent argues in his motion for summary judgment that Petitioner is not in custody for the conviction under attack and that the habeas petition is untimely. Petitioner replies in his motion for summary judgment that he is in custody and is innocent of the conduct for which he was convicted because the Michigan Court of Appeals has found Mich. Comp. Laws § 750.337 to be unconstitutional.

II.

A federal district court may entertain an application for the writ of habeas corpus under 28 U.S.C. § 2254 only if the prisoner is "in custody" in violation of federal law. 28 U.S.C. §§ 2241(c)(3) and 2254(a). The Supreme Court has interpreted this language to mean that a habeas petitioner must "be 'in custody' under the conviction or sentence under attack *at the time his petition is filed.*" *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)) (emphasis added).

Petitioner is challenging his conviction for using indecent language. He was sentenced on October 27, 1998, to two days in jail. He served that sentence and unsuccessfully attacked his conviction on state collateral review. He is currently incarcerated on the basis of his unrelated murder conviction. The misdemeanor "conviction is no longer open to direct or collateral attack in its own right because [Petitioner] failed to pursue those remedies while they were available (or because [he] did so unsuccessfully). . . ." *Lackawanna County District Attorney v. Coss*, 532 U.S.

394, 403 (2001). Consequently, the misdemeanor "conviction may be regarded as conclusively valid." *Id.* Because Petitioner insists that he is not challenging his murder conviction or sentence, the Court will not construe the habeas petition as a challenge to Petitioner's current sentence as enhanced by the misdemeanor conviction.

Nor is there any evidence that Petitioner is suffering from some continuing injury or collateral consequence sufficient to satisfy the constitutional requirement that a justiciable case or controversy exist at all stages of review. *United States v. Juvenile Male*, 131 S. Ct. 2860, 2864 (2011). Although a petitioner normally is presumed to have suffered collateral consequences from a conviction even after the sentence has expired, *id.*, the petitioner must show at least "the possibility of tangible collateral consequences for the burden to shift to the state to show that the consequences are not in fact possible." *Gall v. Scroggy*, 603 F.3d 346, 354 (6th Cir. 2010) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)), *cert. denied* 131 S. Ct. 642 (2010).

Petitioner alleges that his fine of $60 is a collateral consequence of his conviction. The imposition of a fine, however, is not a sufficient restraint on liberty to meet the "in custody" requirement. *See United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995) (interpreting the "in custody" requirement of 28 U.S.C. § 2255).

In conclusion, Petitioner has not identified some ongoing collateral consequence that is traceable to his misdemeanor conviction. As a result, he has not satisfied the "in custody" requirement.

III.

A.

Petitioner's claims are barred from substantive review for an additional reason. The

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year period of limitation for state prisoners to file federal habeas corpus petitions. *Wall v. Kholi*, 131 S. Ct. 1278, 1283 (2011) (citing 28 U.S.C. § 2244(d)(1)). The period of limitation runs from the latest of four specified dates. *Id*. These are:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). "The limitation period is tolled, however, during the pendency of a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.' " *Wall v. Kholi*, 131 S. Ct. at 1283 (quoting 28 U.S.C. § 2244(d)(2)).

B.

Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

Petitioner did not take a direct appeal from his misdemeanor conviction and sentence, and he had six months from entry of the state district court's judgment on October 27, 1998, to file an

application for leave to appeal in Van Buren County Circuit Court. Mich. Ct. R. 7.103(B)(6). His conviction became final on April 27, 1999, when his ability to file an appeal expired. *See Hall v. Warden*, No. 09-3372, 2011 WL 5965837, at *1 (6th Cir. Nov. 30, 2011) (stating that the one-year statute of limitations for filing a federal habeas petition began to run the day after the deadline expired for filing a timely appeal in the Ohio Supreme Court); *Wheeler v. Jones*, 226 F.3d 656, 659-60 (6th Cir. 2000) (explaining that the petitioner's conviction became final when his ability to file an appeal of right expired). The one-year statute of limitations began to run on April 28, 1999, and it expired one year later on April 27, 2000. Petitioner filed his habeas petition in 2010. His habeas petition is untimely, absent tolling or a delayed start to the statute of limitations.

The statute provides for tolling while a properly filed motion for post-conviction review is pending in state court. 28 U.S.C. § 2244(d)(2). Petitioner did not pursue any post-conviction remedies until ten years after he was convicted. Therefore, even if his state petitions for the writ of habeas corpus were deemed properly filed post-conviction motions under 28 U.S.C. § 2244(d)(2), the petitions did not affect the one-year statute of limitations. The limitation period expired before Petitioner filed the petitions.

One could construe Petitioner's reliance on *People v. Boomer*, 655 N.W.2d at 255, as an argument in favor of a delayed start to the statute of limitations, because *Boomer* was not decided until 2002. However, Petitioner filed his habeas petition over eight years after *Boomer* was decided. Therefore, the habeas petition is untimely even if the statute of limitations did not begin to run until March 29, 2002, when *Boomer* was decided.

C.

The AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). To be eligible for equitable tolling, a petitioner must demonstrate " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[E]quitable tolling should be applied 'sparingly,' and decided on a 'case-by-case basis.' " *Ata v. Scutt*, No. 09-1522, 2011 WL 5903658, at *4 (6th Cir. Nov. 28, 2011) (internal and end citations omitted).

1.

Petitioner seeks equitable tolling of the limitation period on the basis that he is actually innocent. "[E]quitable tolling of the statute of limitations based on a credible showing of actual innocence is appropriate," *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005), but to state a credible claim of innocence, a petitioner must support his claim with new reliable evidence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also Souter v. Jones*, 395 F.3d at 600 (explaining that the actual-innocence exception for time-barred claims is limited to the rare and extraordinary case in which a habeas petitioner presents a credible claim of actual innocence through the submission of new evidence which undermines the reviewing court's confidence in the outcome of the trial).

Petitioner argues that he is not legally culpable because the Michigan Court of Appeals ruled in *People v. Boomer* that the statute for which Petitioner was convicted is unconstitutional. This argument asserts a claim of legal innocence, and the miscarriage-of-justice exception to the statute of limitations, "is concerned with actual innocence as compared to legal innocence." *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). Because Petitioner has not contested the fact that he used

indecent language in the presence of a woman or child, he has failed to show that he is actually innocent of the underlying crime.

Nor does it appear that Petitioner is legally innocent. He would like to have his misdemeanor conviction vacated on the basis of *Boomer*, but *Boomer* was decided years after Petitioner's conviction became final. It is for the state courts to decide whether state law is retroactive, *American Trucking Assoc., Inc. v. Smith*, 496 U.S. 167, 177 (1990) (O'Connor, J. plurality opinion), and the Court has found no decision holding that *Boomer* is retroactive. Petitioner has failed to demonstrate that he is actually or legally innocent of the underlying offense.

2.

As another basis for equitable tolling of the limitation period, Petitioner alleges that he suffered brain damage during an accident. Mental incompetence can be an extraordinary circumstance that equitably tolls the one-year statute of limitations. *Ata v. Scutt*, 2011 WL 5903658, at *5. "To obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations." *Id.*

Exhibits to Petitioner's motion for summary judgment indicate that Petitioner suffered a closed head injury in a 1991 car accident. The lasting effects of the injury are panic attacks, erratic behavior, memory loss, and blackouts. Petitioner also has a history of depression and alcohol abuse. He has been hospitalized for both problems and treated with anti-depressants. However, an independent psychiatric expert determined that Petitioner was not mentally ill, and Petitioner chose not to pursue an insanity defense in his murder case.

Petitioner has not demonstrated that he is or was mentally incompetent and that mental

incompetence caused his failure to comply with AEDPA's one-year statute of limitations. Therefore, he is not entitled to equitable tolling on the basis of his brain injury.

IV.

Petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States. Additionally, his habeas petition is barred from substantive review by the statute of limitations.

Accordingly, it is **ORDERED** that Respondent's motion for summary judgment (ECF No. 6) is **GRANTED** and the case is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Petitioner's motion for summary judgment (ECF No. 8) is **DENIED**.

It is further **ORDERED** that Petitioner's motion to appoint counsel (ECF No. 7) and his motion to proceed *in forma pauperis* (ECF No. 9) are **DENIED AS MOOT**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that Petitioner may not proceed *in forma pauperis* on appeal because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a).

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: January 11, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Lawrence Evans, #324535, at Central Michigan Correctional Facility, 320 North Hubbard, St. Louis, MI 48880 by first class U.S. mail onJanuary 11, 2012.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS