UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


LAWRENCE EVANS,

        Petitioner,

v.                                                                    Case Number 10-14787-BC
                                                                      Honorable Thomas L. Ludington
TOM BIRKETT,

        Respondent.

_____/

### <u>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION</u>

Petitioner Lawrence Evans, presently confined at Central Michigan Correctional Facility in St. Louis, Michigan, pleaded guilty in 1998 to using indecent language in the presence of a woman or child. *See* Mich. Comp. Laws § 750.337. He was sentenced to two days in jail and $60.00 in costs.[1] Petitioner alleged in a habeas corpus petition filed in this Court on December 2, 2010, that Mich. Comp. Laws § 750.337 is unconstitutional and that the state court's refusal to set aside his conviction violated his constitutional rights. On January 11, 2012, the Court dismissed the petition because Petitioner was not in custody for the conviction under attack and because his petition was time-barred. Currently pending before the Court is Petitioner's motion for the Court to reconsider its Opinion and Order denying his habeas petition.

I.

Petitioner filed his motion under Federal Rule of Civil Procedure 59(e) (Motion to Alter or Amend a Judgment). "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a

_____

[1] Petitioner currently is serving an unrelated sentence for second-degree murder.

clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or

(4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir.

2005). And, pursuant to this District's Local Rules, the Court may not

> grant motions for rehearing or reconsideration that merely present the same issues
> ruled upon by the court, either expressly or by reasonable implication. The movant
> must not only demonstrate a palpable defect by which the court and the parties and
> other persons entitled to be heard on the motion have been misled but also show that
> correcting the defect will result in a different disposition of the case.

Local Rule 7.1(h)(3) (E.D. Mich. Mar. 1, 2010). "A 'palpable defect' is a defect which is obvious,

clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D.

Mich. 2001).

## II.

Petitioner claims that he is innocent and entitled to relief from judgment because of an

intervening change in the law. This argument is based on *People v. Boomer*, 655 N.W.2d 255

(Mich. Ct. App. 2002), a decision in which the Michigan Court of Appeals determined after

Petitioner was convicted that the statute criminalizing the use of indecent language is

unconstitutional.

The decision in *Boomer* does not change the fact that Petitioner is not in custody for the

conviction under attack or the fact that his habeas petition is time-barred. As the Court emphasized

in its previous decision, the habeas petition is untimely even if the one-year statute of limitations did

not begin to run until 2002 when *Boomer* was decided because Petitioner did not pursue any state

remedies or file his habeas petition until several years after *Boomer* was decided.

Petitioner contends that his mental disability and inability to concentrate prevented him from

filing his habeas petition earlier. In support of this contention, Petitioner has submitted new

evidence in the form of a decision from the Department of Veterans Affairs.  The decision grants Petitioner's request for benefits for tinnitus, which is "a sensation of ringing in the ears."  *See* www.oed.com/view/Entry /202293.  Petitioner has not demonstrated how the tinnitus rendered him mentally incompetent or incapable of filing a timely petition.  In fact, he admits that, for six years after *Boomer* was decided, he was working on an appeal from his murder conviction.  The Court therefore finds that Petitioner's alleged mental incompetence is not a basis for granting relief from judgment.

III.

Petitioner is raising the same issues that the Court ruled on either expressly or by implication in its dispositive opinion and order, and he has failed to show that the Court made a clear error of law or was misled by a palpable defect.  Furthermore, neither Petitioner's new evidence, nor the decision in *Boomer,* are grounds for relief from the Court's judgment and reconsideration is not necessary to prevent manifest injustice.

Accordingly, it is **ORDERED** that Petitioner's motion for reconsideration (ECF No. 13) is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated:  May 11, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Lawrence Evans, #324535, at Central Michigan Correctional Facility, 320 North Hubbard, St. Louis, MI 48880 by first class U.S. mail on May 11, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS

-3-